The opinion of the court was delivered by
Poché, J.
This appeal involves the discussion of the validity of a ■pledge granted by the insolvent to Francis Martin, his partner in eommendam, on all of the insolvent’s share in the partnership property, to secure an indebtedness of §5,000.
The contest is between the partner in eommendam, as a creditor of the insolvent individually and the creditors of the partnership.
The partner in eommendam prosecutes this appeal from a judgment which refused to recognize and enforce his rights of pledge.
The pertinent facts are as follows: A pre-existing partnership, carrying on the business of manufacturing doors, blinds, sash, etc., under the style and name of the “Enterprise Sash, Door and Blind Factory,” and composed of Alexander Smith, Francis Martin and Philip W. Sherwood, was dissolved in the early part of November, 1887, and Sherwood bought out Smith’s interest in the concern for ■§5,000 cash, which he paid with money loaned him by Martin.
Immediately thereafter, Sherwood executed an act of pledge of his two-third interest in the factory in favor of Martin to secure his indebtedness of $5,000 to the latter.
On the same day the two entered into a copartnership under an ■authentic act, with Martin as a partner in eommendam, to continue the same kind of business under the same style and name as heretofore. In the new business Sherwood contributed his undivided two-third interest in, and Martin his third of, the factory, with a stipulation of equal shares in profits and losses, limiting Martin’s losses to his contribution.
On the 19th of April, 1888, Sherwood made a surrender of the partnership assets, and a syndic was appointed on June 5, 1888.
Martin’s claim, under its terms and in accordance with the act of pledge, having matured, he obtained an ex parte order on June 12, 1888, for the sale of Sherwood’s interest in the concern, Which had been pledged to him.
Before a sale could be effected his proceeding was enjoined by the ..syndic on numerous grounds, one of which was that, as Martin was a *106 partner, his pledge was of no effect toward the creditors of the partnership.
The syndic having thereafter proceeded to a sale of all the assets-of the concern, he presented an account on Avhieh he placed Martin as an ordinary creditor only.
By Avay of opposition Martin urged his rights of pledge on the proceeds of two-thirds of the partnership assets. Whereupon Shakspeare, Smith & Co., creditors of the partnership, opposed Martin’s right of being considered as a creditor of the partnership at all, on the ground that he was only a creditor of Sherwood individually.
The various oppositions and the injunction proceedings were consolidated and tried together, resulting in judgment by which the syndic’s injunction was perpetuated, Martin’s pledge Avas denied and rejected, in so far as it could affect the rights of the creditors of the partnership, his opposition dismissed, and the opposition of Shakespeare, Smith & Co. maintained.
From the foregoing statement of facts, tested under well settled principles of law and of jurisprudence, it is apparent that the judgment thus rendered is correct in every particular.
The fallacy of appellant’s contention consists in his assuming the attitude of a third party or of a stranger, in dealing with the insolvency proceedings of Philip W. Sherwood, for the purpose of winding up the business of the concern knoAvn as the “Enterprise Sash, Door and Blind Factory.”
. It is elementary in commercial laAV, as A\rell asunder the provisions of the Civil Code, that “the partnership property is liable to the creditors of the partnership in" preference to those -of the individual partner.” * * * Art. 2823.
And for such purposes, the partner in commendam is inno better position than an activé partner. As, a member of an insolvent partnership his only immunity consists in the restriction of hie'liability for the debts of the concern, to the amount which he had agreed to furnish by his contract. C. C. 2842.
A partnership Avith a partner in commendam may exist in every association known as partnerships, and it can not be treated as a separate division of partnerships. C. O. 2840.
Ulman & Co. vs. Briggs et al., 32 An. 630; Marshall vs. Lambette, 7 Reb. 471.
Hence it follows that in determining the rights of Martin in. *107 and to the partnership assets as a creditor of Sherwood, he must be treated with the same measure which would be meted out to á simple commercial partner whose share in the concern is liable for partnership debts, and whose claims as a creditor of his partner must be subordinated to the claims of creditors of the partnership. Gueringer vs. Creditors, 83 An. 1279.
As soon as the partnership between Sherwood and Martin was. formed, their respective previous and individual interests or shares in the factory were vested in the ideal being known as the partnership, and no portion thereof could again become the property of the partners, but the residuum, after the payment of the partnership, debts. 89 An. 382, Succession of Pilcher.
Hence the District Judge was correct, not only in holding that the pledge set up by Martin on the previous interest or share of Sherwood in the concern could not be enforced to the detriment of the creditors of the partnership, but that, as he was. only a creditor of Sherwood, he had as such no right to participate in the distribution of the proceeds of the partnership-assets. His only recourse is on the residuum which might accrue to his debtor after the full liquidation of the partnership.
As he had no pledge which he could enforce adversely to the creditors of the concern, it: follows that he had. no legal right to wrench the property from the possession of the syndic for the purpose of effecting a sale of the same independently of the insolvency proceedings. Hence the injunction sued out to stay his proceeding, was properly perpetuated.
Judgment affirmed.